| | |
|---|---|
| Robert H. Tyler, CA Bar No. 179572 | Francis J. Manion* |
| Jennifer L. Bursch, CA Bar No. 245512 | Geoffrey R. Surtees* |
| TYLER & BURSCH, LLP | AMERICAN CENTER FOR LAW & JUSTICE |
| 24910 Las Brisas Road, Suite 110 | Post Office Box 60 |
| Murrieta, California 92562 | 6375 New Hope Road |
| Tel:    951-304-7583 | New Hope, Kentucky  40052 |
| Fax:   951-600-4996 | Tel:    502-549-7020 |
| rtyler@tylerbursch.com | Fax:    502-549-5252 |
| jbursch@tylerbursch.com | fmanion@aclj.org |
| | gsurtees@aclj.org |

Counsel for Plaintiffs
*Pro hac vice applications forthcoming Additional
Counsel on Signature Page

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVINGWELL MEDICAL CLINIC, INC.;<br>PREGNANCY CARE CENTER OF THE NORTH<br>COAST, INC.; and CONFIDENCE PREGNANCY<br>CENTER, INC., | Case No.<br><br>**COMPLAINT** |
| Plaintiffs, | |
| v. | |
| KAMALA HARRIS, Attorney General of the State<br>of California, in her official capacity; KAREN<br>SMITH, M.D., Director of California Department of<br>Public Health, in her official capacity; MICHAEL<br>COLANTUONO, City Attorney of Grass Valley,<br>California, in his official capacity; ALISON<br>BARRAT-GREEN, County Counsel of Nevada<br>County, California, in her official capacity; CINDY<br>DAY-WILSON, City Attorney of Eureka,<br>California, in her official capacity; JEFFREY S.<br>BLANCK, County Counsel of Humboldt County,<br>California, in his official capacity; CHRISTOPHER<br>A. CALLIHAN, City Attorney of Salinas,<br>California, in his official capacity; CHARLES J.<br>MCKEE, County Counsel of Monterey County,<br>California, in his official capacity, | |
| Defendants. | |

1

COMPLAINT

1    Plaintiffs, LivingWell Medical Clinic, Inc., Pregnancy Care Center of the North Coast, Inc., and

2  Confidence Pregnancy Center, Inc., by their undersigned counsel, bring this Complaint against the

3  Defendants, their agents, servants, officers, employees, and successors in office and all those persons in

4  active concert and participation with them, and for their Complaint state as follows:

5    This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the

6  constitutionality of the so-called "Reproductive FACT Act" (hereafter "the Act"), Article 2.7 of

7  Chapter 2 of Part 2 of Division 106 of the California Health and Safety Code. The Act, by requiring

8  Plaintiffs to post a government-dictated message they do not wish to communicate, violates Plaintiffs'

9  fundamental rights as guaranteed by the First and Fourteenth Amendments to the United States

10  Constitution, as well as state constitutional provisions.

11                              **JURISDICTION AND VENUE**

12    1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

13  1343, 1367, 2201, 2202 and 42 U.S.C. § 1983.

14    2.    Venue for this action is proper in the United States District Court for the Eastern District

15  of California pursuant to 28 U.S.C. § 1391(b).

16                                     **PARTIES**

17                                  **The Plaintiffs**

18  ***LivingWell Medical Clinic, Inc.***

19    3.    Plaintiff, LivingWell Medical Clinic, Inc. (hereafter "LivingWell"), is a California non-

20  profit corporation under § 501(c)(3) of the Internal Revenue Code. LivingWell is licensed by the State

21  of California as a primary care medical clinic and is located at 105 Catherine Lane in Grass Valley,

22  California.

23    4.    LivingWell's mission is to help women with unplanned pregnancies meet and accept the

24  stresses and challenges that come with unplanned pregnancies. Its services include such things as

25  pregnancy options education and consultation, pregnancy testing and verification, limited obstetrical

26  ultrasounds, STI/STD testing, education, and treatment, and material support. LivingWell's services

27  extend to partners and family members and provide support both during and after pregnancy.

28  ///

2

**COMPLAINT**

5.     LivingWell provides services for approximately 600 first-time clinic clients per year, as well as thousands of others through its thrift store and community education presentations.

6.     All of LivingWell's services are provided free of charge and LivingWell never asks clients for donations.

7.     LivingWell does not, and will not, refer for, recommend, encourage, or facilitate clients to obtain abortions or contraceptives based on its religious beliefs.

***Pregnancy Care Center of the North Coast, Inc.***

8.     Plaintiff, Pregnancy Care Center of the North Coast (hereafter "PCC") is a non-profit corporation under § 501(c)(3) of the Internal Revenue Code. PCC is located at 2390 Myrtle Avenue, Eureka, California, and was established in 1994. PCC is also licensed to and operates a free clinic called J. Rophe Medical, at 2458 Buhne St., Eureka, California established in 2011. PCC also operates a JRM Mobile Medical Unit.

9.     PCC's purpose is to encourage through education and outreach the recognition of human life from the moment of conception and to minister in the name of Jesus Christ to women and men facing unplanned pregnancies by providing support and medical services to them that will empower them to make healthy life choices.

10.    In the past 12 months, PCC has seen over 880 clients and has had over 3,400 client visits. PCC has provided over 610 ultrasound and 290 pregnancy tests, along with ongoing support services.

11.    All of PCC's services are free and clients are never asked for donations.

12.    PCC does not, and will not, refer for, recommend, encourage, or facilitate clients to obtain abortions based on PCC's religious beliefs.

***Confidence Pregnancy Center, Inc.***

13.    Plaintiff, Confidence Pregnancy Center, (hereafter "CPC"), originally incorporated under the name "Crisis Pregnancy Center of Salinas," is a non-profit § 501(c)(3) corporation under the Internal Revenue Code and is licensed as a community clinic by the California Department of Health. CPC is located at 780 E. Romie Ln., Ste. C, Salinas, California. CPC was founded in 1985.

///

3

COMPLAINT

14.    The purpose of CPC is to help women in a state of crisis as a result of an unplanned pregnancy by helping them understand and work through the alternatives, enabling them to make an informed decision concerning the outcome of their pregnancies. CPC offers pregnancy tests, information and referrals, ultrasounds, counseling and emotional support, and practical material assistance such as maternity and baby items.

15.    CPC serves approximately 1,200 clients per year.

16.    All of CPC's services are provided free of charge and CPC never asks clients for donations.

17.    CPC does not, and will not, refer for, recommend, encourage, or facilitate clients to obtain abortions or contraceptives based on CPC's religious beliefs.

**The Defendants**

18.    Defendant, Kamala Harris, is Attorney General of California, charged with enforcement of the Act.  She is sued in her official capacity.

19.    Defendant, Karen Smith, M.D., is Director of Public Health for the State of California. The California Department of Public Health is responsible for the enforcement of public health laws and regulations such as the Act, and the licensure of Plaintiffs. She is sued in her official capacity.

20.    Defendants Michael C. Colantuono and Alison Barratt-Green are, respectively, the city attorney and county counsel of Grass Valley and Nevada County, California, and are thus charged with enforcement of the Act with respect to Plaintiff, LivingWell. They are sued in their official capacities.

21.    Defendants Cindy Day-Wilson and Jeffrey S. Blanck are, respectively, the city attorney and county counsel of Eureka and Humboldt County, California, and are thus charged with enforcement of the Act with respect to Plaintiff, PCC. They are sued in their official capacities.

22.    Defendants Christopher A. Callihan and Charles J. McKee are, respectively, the city attorney and county counsel of Salinas and Monterey County, California, and are thus charged with enforcement of the Act with respect to Plaintiff, CPC. They are sued in their official capacities.

**ALLEGATIONS OF FACT**

23.    On or about September 9, 2015, the California legislature enacted AB 775, the "Reproductive FACT Act."

4

COMPLAINT

24.     On or about October 9, 2015, Governor Brown signed the bill into law.

25.     Pursuant to California law, the Act is scheduled to go into effect on January 1, 2016.

26.     The Act, in pertinent part, requires "licensed covered facilities" to do the following: 123472 (a) A licensed covered facility shall disseminate to clients on site the following notice in English and in the primary threshold languages for Medi-Cal beneficiaries as determined by the State Department of Health Care Services for the county in which the facility is located.

(1) The notice shall state:

"California has public programs that provide immediate free or low-cost access to comprehensive family planning services (including all FDA-approved methods of contraception), prenatal care, and abortion for eligible women. To determine whether you qualify, contact the county social services office at [insert the telephone number]."

(2) The information shall be disclosed in one of the following ways:

(A) A public notice posted in a conspicuous place where individuals wait that may be easily read by those seeking services from the facility. The notice shall be at least 8.5 inches by 11 inches and written in no less than 22-point type.

(B) A printed notice distributed to all clients in no less than 14-point type.

(C) A digital notice distributed to all clients that can be read at the time of check-in or arrival, in the same point type as other digital disclosures. A printed notice as described in subparagraph (B) shall be available for all clients who cannot or do not wish to receive the information in a digital format.

(3) The notice may be combined with other mandated disclosures.

27.     The Act provides exemptions from its disclosure requirement for (1) clinics conducted and operated by the Unites States or any of its departments; and (2) a licensed primary care clinic that is enrolled as a Medi-Cal provider and a provider in the Family Planning, Access, Care, and Treatment Program (FPACT).

///

///

COMPLAINT

28.     On information and belief, the exemption for Medi-Cal/FPACT providers applies to approximately 1,700 entities that provide services similar to those offered by plaintiffs with the exception of contraceptive and abortion services or referrals.

29.     The Act had two co-sponsors in the Legislature: Black Women for Wellness and NARAL Pro-Choice California. The latter co-sponsor has for many years led a campaign specifically intended to interfere with, control, harass, and suppress the right of entities such as Plaintiffs to engage freely in their constitutionally protected rights of freedom of speech, assembly, and religion based on such entities' religious beliefs. In furtherance of that campaign, the Act targets entities such as Plaintiffs herein while exempting numerous other organizations that do not share Plaintiffs' beliefs, mission, and goals.

30.     Failure to comply with the Act carries with it a civil penalty of $500 for a first offense and $1,000 for each subsequent offense.

31.     The Act provides that the Attorney General, city attorney, or county counsel may bring an action to impose a civil penalty on any licensed covered facility that fails to comply with the Act's disclosure provision.

32.     Each of the Plaintiffs meets the definition of a "licensed covered facility" as set forth in the Act and thus must comply with the Act's disclosure provision.

33.     Each of the Plaintiffs strongly objects to being compelled to speak the message required by the Act's disclosure provision. Each Plaintiff considers the required notice to be the equivalent of directly referring clients for abortions and other services that Plaintiffs do not provide or refer for based on their religious beliefs and organizational purposes.

34.     The Plaintiffs believe that posting the required notice would undermine the patient/client and medical provider relationship by requiring them to provide a referral to an agency that determines eligibility for state-funded abortion before the patient/client is seen by a medical provider. This gives patients and clients the impression that a recommendation for treatment has been made by the clinician before the patient/client has been evaluated.

35.     Being compelled to post the notice required by the Act would require Plaintiffs to disseminate a message that contradicts their organizational missions and beliefs.

6

COMPLAINT

## ALLEGATIONS OF LAW

36.     The Defendants are "persons" for purposes of the claims set forth in this Complaint, as that term is used in 42 U.S.C. § 1983.

37.     All of the conduct of the Defendants as set forth in this Complaint, whether taken or threatened to be taken, constitutes conduct "under color of state law" as that phrase is used in 42 U.S.C. § 1983.

38.     The First Amendment to the U.S. Constitution protects the freedoms of speech and assembly, and the free exercise of religion.

39.     The First Amendment is applicable to state and local government through the Fourteenth Amendment.

40.     Both the Act and the threat of civil penalties for violations thereof injure rights protected by the U.S. Constitution and the California Constitution.

41.     By compelling the Plaintiffs to post and/or disseminate the notice in question, the Act unlawfully compels Plaintiffs, against their wishes, to speak a message that contradicts their beliefs and mission.

42.     By compelling the Plaintiffs to post and/or disseminate the notice in question, the Act unlawfully interferes with and infringes upon Plaintiffs' ability to meet and speak with pregnant women unless Plaintiffs comply with the Act.

43.     Plaintiffs have no adequate remedy at law, as the violation of their constitutional rights imposes irreparable harm.

## CAUSES OF ACTION

### Count One

### (Federal Free Speech)

44.     Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint.

45.     The Act unconstitutionally burdens, restricts, and infringes upon Plaintiffs' right of Free Speech guaranteed by the First Amendment, as applied to the Defendants by the Fourteenth Amendment, and protected by 42 U.S.C. § 1983.

///

**COMPLAINT**

46.     The Act unconstitutionally compels Plaintiffs to speak messages they have not chosen for themselves, with which they do not agree, and that detract from, undermine, and interfere with messages they have chosen to speak.

WHEREFORE, Plaintiffs request the relief set forth below in the prayer for relief.

**Count Two**

**(Freedom of Assembly)**

47.     Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint.

48.     The Act unconstitutionally burdens Plaintiffs' right to freedom of assembly and association guaranteed by the First Amendment, as applied to the Defendants by the Fourteenth Amendment, and protected by 42 U.S.C. § 1983, as it impermissibly interferes with, restrains, and undermines the ability of Plaintiffs to meet and speak with their clients and patients without complying with the Act.

WHEREFORE, Plaintiffs request the relief set forth below in the prayer for relief.

**Count Three**

**(Free Exercise of Religion)**

49.     Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint.

50.     The Act unconstitutionally infringes upon, burdens, and interferes with Plaintiffs' right to the free exercise of religion guaranteed by the First Amendment, as applied to the Defendants by the Fourteenth Amendment, and protected by 42 U.S.C. § 1983, in that it targets and singles out, and penalizes Plaintiffs for acting in accordance with their religious beliefs and practices which prohibit them from encouraging, facilitating, and making direct or indirect referrals for certain services as required by the Act.

WHEREFORE, Plaintiffs request the relief set forth below in the prayer for relief.

**Count Four**

**(State Constitutional Rights)**

51.     Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint.

52.     The Act unlawfully burdens, interferes with, restricts, and undermines Plaintiffs' rights under Article I, §§ 2 and 3 of the California Constitution.

8

COMPLAINT

WHEREFORE, Plaintiffs request the relief set forth below in the prayer for relief.

**PRAYER FOR RELIEF**

On their foregoing causes of action, Plaintiffs respectfully request the Court to grant the following relief:

A.      A preliminary and permanent injunction barring the Defendants and all persons in active concert with them from enforcing the Act against Plaintiffs.

B.      A declaratory judgment that the Act violates the First Amendment to the United States Constitution and Article I, §§ 2 and 3 of the California Constitution.

C.      Attorney's fees and costs pursuant to 42 U.S.C. § 1988.

D.      Any further relief the Court deems just.

Respectfully submitted this 27th day of October, 2015.


Respectfully submitted,

TYLER & BURSCH, LLP


Dated:  October 27, 2015                            By: _____
                                                    Robert H. Tyler, Esq.
                                                    Jennifer L. Bursch
                                                    24910 Las Brisas Road, Suite 110
                                                    Murrieta, California  92562
                                                    rtyler@tylerbursch.com
                                                    jbursch@tylerbursch.com

                                                    Francis J. Manion*
                                                    Geoffrey R. Surtees*
                                                    AMERICAN CENTER FOR LAW & JUSTICE
                                                    Post Office Box 60
                                                    6375 New Hope Road
                                                    New Hope, Kentucky  40052
                                                    fmanion@aclj.org
                                                    gsurtees@aclj.org

                                                    Counsel for Plaintiffs

9

COMPLAINT