United States District Court

For the Northern District of California

1

2

3

4

5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   LIVINGWELL MEDICAL CLINIC, INC.,                No. C 15-04939 JSW
    PREGNANCY CARE CENTER OF THE
9   NORTH COAST, INC., and CONFIDENCE
    PREGNANCY CENTER, INC.,
10                                                   **ORDER REQUIRING ADDITIONAL**
            Plaintiffs,                              **BRIEFING ON MOTION FOR**
11                                                   **PRELIMINARY INJUNCTION**
       v.
12
    KAMALA HARRIS, Attorney General of the
13  State of California; KAREN SMITH, M.D.,
    Director of California Department of Public
14  Health; MICHAEL COLANTUONO, City
    Attorney of Grass Valley, California; ALISON
15  BARRAT-GREEN, Country Counsel of Nevada
    County, California; CINDY DAY-WILSON,
16  City Attorney of Eureka, California; JEFFREY
    S. BLANCK, County Counsel of Humboldt
17  County, California; CHRISTOPHER A.
    CALLIHAN, City Attorney of Salinas,
18  California; CHARLES J. MCKEE, County
    Counsel of Monterey County, California;
19
            Defendants.
20                                              /

21

22          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE

23  OF THE FOLLOWING QUESTIONS.  The Court HEREBY ORDERS the parties to submit

24  additional briefing on the following questions in advance of the hearing now set for December 17,

25  2015 at 9:00 a.m.  Due to the timing of this motion, the Court shall require the parties to submit

26  simultaneous briefs to address the following questions, to be submitted no later than noon on

27  Wednesday, December 9, 2015.  The parties shall file replies to each other's responses by no later

28  than noon on Friday, December 11, 2015.

**United States District Court**
For the Northern District of California

1.    It appears that the parties do not dispute that Plaintiffs qualify as "licensed covered facilities" under the Reproductive FACT Act ("Act") and Plaintiffs have made it very clear that they every intention of violating the terms of the statute once it is in effect.  In order to satisfy the "case or controversy" requirements to demonstrate standing or ripeness in this context, however, a generalized threat of prosecution is insufficient.  *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 1999); *see also Libertarian Party of Los Angeles v. Nowen*, 2011 WL 486553, at *3 (C.D. Cal. Feb. 3, 2011) (holding that plaintiffs cannot establish standing where there are no facts alleged suggesting a credible threat of enforcement and only "'general threats' by public officials to 'enforce those laws which they are charged to administer'").  Is there more than a mere generalized threat of future prosecution under the statute by defendant government officials?  Do defendants intend to suspend enforcement of the statute until its constitutionality is adjudicated?

2.    Are Plaintiffs making an as-applied or a facial challenge to the Act?  If only an as-applied challenge, what would be the scope of the factual record?  Should the Court decide a matter of constitutional significance in a vacuum?  *See Am.-Arab Anti-Discrimination Comm. v. Thornburgh*, 970 F.2d 501, 511 (9th Cir. 1992).

3.    In *Wolfson v. Brammer*, the court recognized that although Wolfson had never been threatened with enforcement proceedings, he had censored his own speech to comply with the challenged code and had therefore had suffered a "constitutionally recognized injury." 616 F.3d 1045, 1059 (9th Cir. 2010) (citing *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 393 (1988) (holding that self-censorship is "a harm that can be realized even without an actual prosecution.")); *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1888, 1094-95 (9th Cir. 2003); *see also Cooksey v. Futrell*, 721 F.3d 226, 235 (4th Cir. 2013) ("In First Amendment cases, the injury-in-fact element is commonly satisfied by a sufficient showing of 'self-censorship, which occurs when a claimant is chilled from exercising h[is] right to free expression.'"); *see also Mangual v. Rotger-Sabat*, 317 F.3d 45, 56 (1st Cir. 2003) (same).  Here, Plaintiffs claim that they will not comply with the Act once it has become effective.  Accordingly, what is the constitutionally recognized injury Plaintiffs have sustained at this juncture?  Is the fear of enforcement of a civil fine sufficient to establish injury?  *See Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979).

4.    In order to obtain a preliminary injunction, Plaintiffs must establish that they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).   Although "'direct limitation on speech,' including those imposed via the regulated, mandatory communication of specific content, 'creates a presumption of irreparable harm,'" is that presumption rebutted here by Plaintiffs' repeated representations that they will not abide by the mandates of the Act? *See Safelite Group, Inc. v. Jepsen*, 764 F.3d 258, 266 n.4 (2d Cir. 2014).  Although deprivation of a constitutional right would be irreparable harm, if Plaintiffs' speech is actually not chilled by the enactment of the Act, how do they intend to demonstrate that they have suffered irreparable harm (as opposed to the potential imposition of a remedial civil fine)?

5.    Should the Court find that the mandated notice requirement at issue is neither commercial speech nor primarily medical treatment or conduct, on what bases do Defendants distinguish the non-binding decisions in *Evergreen Ass'n, Inc. v. New York*, 740 F.3d 233, 244-250 (2d Cir. 2014) and *Centro Tepeyac v. Montgomery County*, 722 F.3d 184, 188-193 (4th Cir. 2013)?

6.    Should this matter be coordinated with earlier-filed cases challenging the same statute? *See A Woman's Friend Pregnancy Resource Clinic v. Harris*, 15-cv-02122 KJM (E.D. Cal. filed Oct. 10, 2015); *National Institute of Family and Life Advocates v. Harris*, 15-cv-02277 JAH (S.D. Cal. filed Oct. 13, 2015).

7.    Should there be any bond if an injunction is granted?  If so, what amount?

2

United States District Court

For the Northern District of California

8.      Will either party if they do not prevail on this motion for preliminary injunction file a notice of appeal and, if so, will that party request a stay or injunction pending appeal?

**IT IS SO ORDERED.**

Dated:   December 7, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE