**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIVINGWELL MEDICAL CLINIC, INC.; PREGNANCY CARE CENTER OF THE NORTH COAST, INC.; CONFIDENCE PREGNANCY CENTER, INC., <br><br>   Plaintiffs - Appellants,<br><br>  v.<br><br>KAMALA HARRIS, Attorney General of the State of California, in her official capacity; KAREN SMITH, M.D., Director of California Department of Public Health, in her official capacity; MICHAEL COLANTUONO, City Attorney of Grass Valley, California, in his official capacity; ALISON BARRAT-GREEN, County Counsel of Nevada County, California, in her official capacity; CINDY DAY-WILSON, City Attorney of Eureka, California, in her official capacity; JEFFREY S. BLANCK, County Counsel of Humboldt County, California, in his official capacity; CHRISTOPHER A. CALLIHAN, City Attorney of Salinas, California, in his official capacity; CHARLES J. MCKEE, County Counsel of Monterey County, California, in his | No. 15-17497<br><br>D.C. No. 4:15-cv-04939-JSW<br><br>MEMORANDUM[*] |

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

official capacity,

        Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted June 14, 2016
San Francisco, California

Before: D.W. NELSON, TASHIMA, and OWENS, Circuit Judges.

Livingwell Medical Clinic, Inc., et al. (collectively Livingwell) appeals from the district court's denial of their motion for a preliminary injunction to prevent the enforcement of the California Reproductive Freedom, Accountability, Comprehensive Care, and Transparency Act (the FACT Act or the Act). We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

1. The district court erroneously imposed a higher than appropriate standard on the ground that Livingwell's motion for a preliminary injunction targeted a law. *See Katie A., ex rel. Ludin v. Los Angeles Cty.*, 481 F.3d 1150, 1155 n.12 (9th Cir. 2007). And to the extent that the district court cited *Coalition for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) (order), as grounds for raising Livingwell's burden, this was erroneous. *See Indep. Living Ctr. of S. Cal., Inc. v.*

*Maxwell–Jolly*, 572 F.3d 644, 658 (9th Cir. 2009), *vacated on other grounds by Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, 132 S. Ct. 1204 (2012).

This error, however, was harmless because the district court properly denied the motion for a preliminary injunction. *See Nat'l Inst. of Family & Life Advocates (NIFLA) v. Harris*, No. 16-55249, Slip op. at 5 (9th. Cir. 2016).

2. The district court properly found that Livingwell cannot demonstrate a likelihood of success on the merits of their First Amendment free speech claim. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Act regulates licensed clinics' professional speech, and is subject to intermediate scrutiny, which it survives. *See NIFLA*, Slip op. at 26–34. Because the Act survives intermediate scrutiny, any error the district court may have made when applying intermediate scrutiny is harmless. The Act's notice that applies to unlicensed clinics survives any level of review. *See id.* at 34–37.

3. The district court did not improperly place a burden on Livingwell to prove that the Act did not regulate commercial speech, as Livingwell contends. Any error would also be harmless as the Act does not regulate commercial speech. *See id.* at 18 n.5.

4. Because we affirm the district court's finding that Livingwell cannot demonstrate a likelihood of success on their First Amendment claim, thus failing to

meet the first, most important *Winter* factor, *see Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc), we need not parse their showing under the remaining *Winter* factors.[1]

**AFFIRMED.**

---

[1] We also conclude that Livingwell have not raised "serious questions" going to the merits of their claims; thus, the alternate test set forth in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011), does not apply.